UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TENNESSEE GAS PIPELINE COMPANY, LLC. PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-633-DPJ-ASH

0.619 ACRES IN HOLMES COUNTY, MISSISSIPPI, ET AL. DEFENDANTS

ORDER

This condemnation action is before the Court on three filings from pro se Defendant Betty J. Hughes. Notice [13], Statement [14], Letter [15]. This Order provides some clarification in light of Hughes's pro se filings, grants her an extension of time to attempt to obtain counsel, and sets a deadline for her response to the pending motion for partial summary judgment and for preliminary injunction

The Court starts briefly with the procedural history. Plaintiff Tennessee Gas Pipeline Company, LLC, filed this lawsuit against a parcel of land and its purported owners, including Hughes, on August 17, 2026. Two days later, it filed a motion for partial summary judgment and for a preliminary injunction. Mot. [3]. Hughes was served with the summons and complaint on August 29, 2026, making her answer due September 21, 2026. Executed Summons [17].

Hughes filed three items on September 16, 2026—all within her allowed time to answer. First, she filed a Notice regarding service of process. Notice [13]. That document asked the Court to provide her "with copies of the complete court record and all documents filed by the pipeline company." *Id.* at 1. It also asked the Court to "allow [her] sufficient time to obtain legal counsel and respond fully to the company's claims." *Id.*

Her next filing was an Objection to Pipeline Access, Use of Property, Alleged Agreement, and Eminent-Domain Process. Statement [14]. In this document, Hughes represented

that she is "the sole owner of the property at issue," and she "dispute[d] the existence, formation, validity, scope, and enforceability of any alleged agreement that the pipeline company claims gives it rights in or to [her] property." *Id.* at 1. She asked for "disclosure of the appraisal, valuation materials, calculations, comparable sales, property descriptions, proposed easement terms, and other documents on which the company relies in determining compensation." *Id.* at 3. She further asked Plaintiff to produce a host of documents, *id.*, and essentially asked the Court for an opportunity to defend against Plaintiff's claim, *id.* at 4.

Hughes titled her third filing Formal Notice of Objection to Pipeline Access, Use of Property, and Alleged Agreement [15]. In it, she stated that she was "provid[ing] formal notice that [she] object[s] to and do[es] not consent to any further access to, use of, construction upon, or activity concerning my property for the Tennessee Pipeline project or any related pipeline project, except to the extent that a valid and enforceable legal right has been independently established." Letter [15] at 1. She also asked Plaintiff to produce numerous documents. *Id.* at 3.

Plaintiff construed some or all of Hughes's filings as responsive to its partial-summary-judgment/preliminary-injunction motion. *See* Reply [19]. But given her request for time to hire counsel, the Court does not believe she intended her filings to be responsive to the motion. The Court does construe Hughes's filings together to constitute a timely answer denying Plaintiff's right to relief, and it will give her the 30 days she asked for to hire counsel and respond to Plaintiff's motion: Hughes's response to the motion shall be filed on or before October 28, 2026 .[1]

[1] This is the new response deadline regardless of whether Hughes is able to obtain counsel. Should Hughes wish to seek any further extension, she must file a motion with the Court as provided in Local Rule 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this rule."). (A copy of the Local Rules may be found on the Court's website.)

As for Hughes's requests for various documents from the Court and Plaintiff, the Court is enclosing with a copy of this Order a courtesy copy of the docket sheet. Should Hughes wish to obtain a copy of any of the filed documents, she may contact the Clerk of Court at 601-608-4000 about ordering copies. But as to Hughes's requests for Plaintiff to produce documents that are not yet in the record, the requests are premature and improper. Under Federal Rule of Civil Procedure 26(d)(1), parties generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." There is no indication that a Rule 26(f) conference has occurred, nor has the Court issued a Rule 16(a) Initial Order setting the deadline for the Rule 26(f) conference. The requests for discovery are therefore denied.[2]

IT IS, THEREFORE, ORDERED that Hughes is granted 30 days, through October 26, 2026, to obtain counsel. If counsel fails to enter an appearance for Hughes by that date, the Court will construe that as Hughes electing to proceed pro se.

IT IS FURTHER ORDERED that Hughes's deadline to respond to Plaintiff's motion for partial summary judgment and for a preliminary injunction [3] is October 26, 2026.

IT IS FURTHER ORDERED that Hughes's requests for discovery from Plaintiff or for copies of documents not in the record are denied as improper and premature, except that the Court encloses a courtesy copy of the docket sheet and directs Hughes to contact the Clerk of Court should she wish to obtain copies of any court filings.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] The requests are likewise procedurally infirm because they were not made by formal written motion as required by Local Rule 7(b). The Court cautions Hughes that she must file a motion in the future if she seeks any form of relief from the Court.